**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gene Scott, II, | No. CV-24-02428-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Party, | |
| Defendant. | |

Pending before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) and a Motion Requesting Summary Judgment (Doc. 5). The same document contains a Motion to Reconsider in an unrelated and unidentified action. The Court will grant the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) and screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Pursuant to that screening, Plaintiff's Complaint (Doc. 1) is dismissed as frivolous without leave to amend. The Court thus denies as moot Mr. Scott's Motion Requesting Summary Judgment (Doc. 5). Further Plaintiff Gene Scott II, signing the Complaint as Gene Edward Scott II, has abused the legal process egregiously and often, and does so again by the filing of this Complaint. This Order not only dismisses this action with prejudice but, orders Plaintiff to show cause why the Court should not impose an abusive-litigant injunction to curb Plaintiff's accelerating practice of filing wholly meritless suits within the Federal Courts.

# BACKGROUND

In the present complaint, Plaintiff asserts a claim against an unknown Defendant or Defendants.  His claim seeks "For wherever to Legalize Plaintiff's Liquor Consumptions and Sales," apparently a § 1983 claim which he identifies under Amendments I, VIII and XIV of the U.S. Constitution and 28 U.S.C. § 1581(a) (which defines the exclusive jurisdiction of the Court of International Trade).  He apparently seeks some form of general declaratory authorization to both sell and consume liquor regardless of the setting.  His only other allegation in the Complaint states that he "has … legal Certifications for both Dual Diagnosis and Meta Service as Counselor," and further states that "Plaintiff during now and ongoing and … is age: 57 years."

Since 2003 Plaintiff has filed at least 108 cases with this Court.  His rate of filing has increased exponentially in the last three years, during which Plaintiff has filed approximately 80 cases.  All of Plaintiff's claims have been dismissed on the various bases as set forth in appendix A to this order.

This Court has for over a year repeatedly warned Plaintiff about the likely consequences of continuing his pattern of filing meritless lawsuits.  *Scott v. Veteran's Admin.,* 2:23-cv-1151-DWL (July 19, 2023) (Doc. 12) at 3-4.  *Scott v. Unknown Party,* 2:24-cv-1343-DWL (Doc. 6) (June 21, 2024); *Scott v. Unknown Party, 2:*24-cv-2000-MTL (Doc. 5) (August 13, 2024); *Scott v. Unknown Party,* 2:24-cv-01221-SMM (Doc. 6) August 21, 2024; *Scott v. U.S. Dep't of Veteran's Affairs,* 24-cv-2074-SMM (Doc. 6) (Aug. 29, 2024).  His filing of frivolous lawsuits has nevertheless accelerated.  Further, although a resident of this state, Plaintiff has filed a sufficient number of meritless complaints (at least six) in the Eastern District of Arkansas that he has lost his ability to file in forma pauperis complaints there.  *Scott v. U.S. Dept. of Agriculture,* 2024 WL 1069723 at *1, 4:24-cv-00049-BRW (E.D. Ark. January 24, 2024) (holding that "the Clerk of the Court is directed to no longer accept complaints from Plaintiff unless he pays the filing fee.  Previous warnings have been ignored and this is the only way to prevent Plaintiff from wasting the Court's resources.")

**DISCUSSION**

**I.        Dismissal of the Instant Complaint**

While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings not just those filed by prisoners.  *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that "although the PLRA was intended to cut down on the volume of prisoner lawsuits . . . section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.")  [S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that either fails to state a claim or is frivolous or malicious.   28 U.S.C. § 1915(e)(2).   To state a claim, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*   If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before the dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-1129 (9th Cir. 2000) (*en banc).*

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams,* 490 U.S. 319, 325 (1989).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Plaintiff's Complaint is completely unintelligible and falls far short of plausibility. It does not even include a formulaic recitation of the elements of a cause of action.  Because the Plaintiff's claim lacks any arguable basis either in law or in fact, it is also frivolous.  As such it is dismissed.  Because the complaint is unintelligible and frivolous, it cannot be

saved under any of the grounds asserted by Claimant, and dismissal with prejudice would have no preclusive effect on any future meritorious suit as no Defendant is named.  The dismissal is, thus, without leave to amend.

## II.     The Order to Show Cause

28 U.S.C. § 1915 allows district courts to waive filing fees for those unable to pay them to "promote the interests of justice."  *In re Sindram,* 498 U.S. 177, 179 (1991).  As this Court observed in *Maisano v. CO III Clark*, 4:14-cv-00001-RCC (Doc. 2) at 2 (January 29, 2014) "the vast majority of those seeking to proceed *in forma pauperis* in this District are permitted to do so."  But as the *Maisano* court also noted, "a few who do so 'seize on the court's openness and pervert it for purposes that have little to do with obtaining justice.'"  *Id. quoting Jones v. Warden of the Statesville Corr. Ctr.,* 918 F. Supp. 1142, 1152 (N.D. Ill. 1995).

## III.     Need for an Abusive-Litigant Injunction

Plaintiff first filed a case with this Court in 1996, but then did not file any further cases until 2003.  Although in some years thereafter he filed no cases at all, when he filed cases, he typically filed between one and three cases a year with an uptick in 2010 in which he filed nine cases and 2015 in which he filed six.  In the last three years, however, Plaintiff has filed 78 cases with this Court: sixteen in 2022, 31 cases in 2023 and 31 so far this year.  His pace of filings has increased more than ten-fold.[1]  All of Plaintiffs cases, regardless of when they have been filed, have been dismissed: 34 of the cases were voluntarily dismissed by the Plaintiff before any action was taken, 28 of them were dismissed as frivolous by the Court, 15 were dismissed by the Court after the Complaint was dismissed with leave to amend and Plaintiff failed to amend, on six more Plaintiff voluntarily dismissed the claim rather than file an amendment, and 10 more were dismissed for lack of prosecution.  Four more remain pending.

---

[1] Since 2003 Plaintiff has filed at least 108, but, as is demonstrated, his rate of filing has increased exponentially in the last three years.  Plaintiff has never asserted a meritorious claim.

These cases, whether or not a determination of frivolousness was made, are wholly without merit.  They generally seek relief that is beyond any power of this Court to cure.  For example, Plaintiff currently has another case pending in this division of the Court in which he seeks the exoneration of Jesus Christ under the United States Constitution from judgments imposed under Roman and Egyptian rule.  It names as Defendants, Rome, Italy, Europe, Pontius Pilate, and Unknown Persons.  *Scott v. Rome, Italy and Europe,* 2:24-cv-2012-GMS (Doc. 1) (August 9, 2024).  After filing an Application for Leave to Proceed in Forma Pauperis, (*Id.* at Doc. 2), he has asked that a summary judgment be entered, dismissing the case, but awarding him his costs in bringing it.  (*Id.* at Doc. 5).  The same document contains a motion to reconsider in an unrelated but unidentified action.

In other recent actions brought in this Division, Plaintiff has sued "Section 8" apparently some form of governmental housing subsidy from which he benefits.  He apparently wants a declaratory judgment under the Constitution and the "Administrative Act," to the effect that he can keep Section 8 benefits, while still gaining income.  *Scott v. Section 8,* 2:23-cv-01687-GMS (Doc. 1) (August 18, 2023).  Plaintiff has also sued the Arizona Motor Vehicle Division under the United States Constitution requesting the cost-free reinstatement of his driver's license, *Scott v. Az MVD,* 2:23-cv-02326-GMS (Doc. 1) (November 6, 2023); he has also sued Monroe County, Arkansas asking the Court to order the small community to conduct weekly varsity sports in the high school gymnasium with paid spectator's admissions, and free snacks and drinks to stimulate the economy and provide good exercise to the people as a matter of constitutional right.  *Scott v. Monroe County, Arkansas,* 2:24-cv-00766-GMS (Doc. 1) (April 5, 2024).  As he did in this action, Plaintiff most often files cases against identified or "Unknown Defendants" seeking relief that is both extreme and unavailable.

Last year, the Court reviewed Plaintiff's meritless pattern of filing frivolous cases accompanied by IFP applications, each containing a different account of Plaintiff's finances, even when filed in the same month and then voluntarily dismissing these cases.  It then warned plaintiff that "[t]he practice of repeatedly filing actions in federal court

without an intention to proceed with them needlessly burdens the judiciary. Plaintiff is cautioned that continuing this pattern could result in an order to show cause why sanctions should not be imposed." *Scott v. Veteran's Admin.,* 2:23-cv-1151-DWL (July 19, 2023) (Doc. 12) at 3-4. Thereafter the Court has repeatedly advised Plaintiff of the frivolous nature of his suits, *Scott v. Unknown Party,* 2:24-cv-1343 (Doc. 6) (June 21, 2024); *Scott v. Unknown Party, 2:*24-cv-2000-MTL (Doc. 5) (August 13, 2024); *Scott v. Unknown Party,* 2:24-cv-01221-SMM (Doc. 6) August 21, 2024; *Scott v. U.S. Dep't of Veteran's Affairs,* 24-cv-2074-SMM (Doc. 6) (Aug. 28, 2024). The Court's warnings have done nothing to stem these filings.

"Every paper filed with a court requires the expenditure of limited judicial resources. *In Re McDonald,* 489 U.S. at 184. When a court is forced to devote its limited judicial resources to processing repetitious and frivolous cases, the "goal of dispensing justice is compromised." *Maisano,* 4:14-cv-00001-RCC (Doc. 2) at 2 citing *In re Sindram,* 498 U.S. at 179-80. The court's ability to ensure the administration of justice for all litigants is endangered by the abusive conduct of a few. Even if Plaintiff is under misperceptions and does not fully mean to engage in abusive litigation, in the filings of his multiple meritless complaints, he is doing so.

Courts may use their inherent powers to "restrict a litigant's ability to commence abusive litigation in forma pauperis. *Visser v. Supreme Court of the State of California,* 919 F.2d 113, 114 (9th Cir. 1990). They must regulate the activity of abusive litigations "by imposing carefully tailored restrictions under the appropriate circumstances." *DeLong v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir. 1990) (quoting *Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir. 1989).

## IV.    Proposed Injunctive Order

Prior to restricting an abusive litigant's access to the Court, the Court must provide that litigant with notice of the impending injunction and an opportunity to oppose it. *DeLong v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir. 1990). The order must be "narrowly tailored to closely fit the specific vice encountered," to prevent infringement on the right

of access.  *Id.*

Federal statute prohibits prisoner plaintiffs from bringing a civil action in forma pauperis if the plaintiff has, "on 3 or more prior occasions, . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Some courts have explicitly held that while the statute refers only to prisoners, it equally applies to non-prisoners. *Groulx v. Zawadski,* 635 F.Supp.3d 574 (E.D. Mich. 2022), *Cf. Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that "although the PLRA was intended to cut down on the volume of prisoner lawsuits . . . section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.")  Even assuming, however, that section (g) of the Act only applies to prisoners as a matter of statute, there is no apparent reason why, through the Court's inherent power, the same result should not apply to non-prisoners who have filed three IFP lawsuits dismissed as frivolous. *Visser,* 919 F.2d at 114.  This District has dismissed 26 of Plaintiff's cases as frivolous; many more dismissed on other grounds were also frivolous. The Eastern District of Arkansas has dismissed at least six of Plaintiff's cases as frivolous. Thus, as a matter of either statute or the Court's inherent power to prevent vexatious litigation, the Plaintiff is prohibited from filing any in forma pauperis lawsuit that does not assert that he is in imminent danger of serious physical injury.

Further, in light of the multiple meritless filings by the Plaintiff, the Court will limit the number of times that Plaintiff may seek to file in forma pauperis lawsuits to three times per year. *Jones v. Warden of Statesville Correctional Center,* 918 F. Supp. 1142, 1155 (E.D. Ill. 1995) (enjoining Plaintiff from filing more than three in forma pauperis suits per year.) *see also Cello-Whitney v. Hoover*, 769 F. Supp. 1155, 1157 (W.D. Wa. 1991) (same). Further, as to those three lawsuits allowed, Plaintiff is enjoined from filing any civil action in this or any other federal court without first obtaining leave of the court.

## V.    Notice and Opportunity to Show Cause

This Order serves as notice of the Court's intent to impose an abusive-litigant

injunction on Plaintiff.  The Court will permit Plaintiff an opportunity to show cause in writing why such an injunction should not be imposed.  Plaintiff's response to this Order shall be limited to this issue and shall be filed within **14** days of the date this Order is filed.

If Plaintiff fails to timely respond to this Order or fails to persuade the Court that an injunction should not be imposed, the Court will enter an injunction with the following terms:

1. Plaintiff is enjoined from filing or lodging under his name or any other name or alias more than three in forma pauperis lawsuits in any one calendar year.

2. Because Plaintiff has many more than "three strikes," any in forma pauperis lawsuit he files must clearly, coherently, and credibly allege that Plaintiff is under imminent danger of serious physical injury.  False allegations of imminent danger may subject Plaintiff to sanctions.

3. The Clerk of Court shall not accept, shall not return, and shall discard every in forma pauperis lawsuit submitted in excess of the limit of three per year or in which imminent danger of serious physical injury is not alleged.

4. As to any one of the three in forma pauperis lawsuits which Plaintiff seeks to file in any calendar year, Plaintiff is enjoined from filing any civil action in this or any other federal court without first obtaining leave of the court.  In seeking leave to file, Plaintiff must file a motion for leave to file captioned as an "Application Pursuant to Court Order Seeking Leave to File."  In the Application:

    A. Plaintiff must file an affidavit certifying that the claim or claims presented are new and have never been raised by Plaintiff in a federal court.

    B. Plaintiff must certify that, to the best of his knowledge, the claim or claims presented are neither frivolous nor taken in bad faith.

    C. Plaintiff must affix a copy of this Order and list of all cases previously filed involving similar or related causes of action.

**D.**   **The failure to comply strictly with the terms of this Order shall be sufficient grounds to deny leave to file.**

**IT IS ORDERED:**

1.   Granting Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

2.   Denying as moot, Plaintiff's Motion Requesting Summary Judgment (Doc. 5).

3.   Dismissing this case with prejudice.

4.   Plaintiff is ordered to show cause in writing within **14** days of the date of this Order, why the injunction proposed in this Order should not be imposed. Plaintiff's response to this Order shall be limited to this issue.

5.   If Plaintiff fails to timely respond to this Order or fails to persuade the Court that an injunction should not be imposed, the Court will issue an injunction with the terms set forth in this Order.

Dated this 26th day of September, 2024.

G. Murray Snow
Chief United States District Judge

# APPENDIX "A"

## Cases Voluntarily Dismissed by Plaintiff before Court Action Taken

| | | | |
|---|---|---|---|
| 2:18-cv-02259-MHB | Scott v. Department of Public Service | filed 07/16/18 | closed 08/09/18 |
| 2:20-cv-00087-ESW | Scott v. Army Review Boards Agency | filed 01/13/20 | closed 08/25/20 |
| 2:21-cv-00579-JJT--MTM | Scott v. Albertson's Incorporated et al | filed 04/05/21 | closed 05/07/21 |
| 2:22-cv-00376-JJT--MTM | Scott v. Maricopa County Superior Court | filed 03/11/22 | closed 03/30/22 |
| 2:22-cv-00606-MHB | Scott v. United States Government | filed 04/12/22 | closed 05/13/22 |
| 2:23-cv-00594-JFM | Scott v. United States Department of Treasury | filed 04/07/23 | closed 04/20/23 |
| 2:23-cv-00641-DWL | Scott v. Valley Metro Transit et al | filed 04/17/23 | closed 05/01/23 |
| 2:23-cv-00678-JFM | Scott v. United States Government et al | filed 04/20/23 | closed 05/17/23 |

| | | | |
|---|---|---|---|
| [2:23-cv-00697-SMM](#) | Scott v. U.S. Department of Agriculture et al | filed 04/24/23 | closed 06/20/23 |
| [2:23-cv-00700-DLR](#) | Scott v. AZ Corporate Commission | filed 04/24/23 | closed 05/04/23 |
| [2:23-cv-00701-CDB](#) | Scott v. Unknown Parties | filed 04/24/23 | closed 05/05/23 |
| [2:23-cv-00849-MTL](#) | Scott et al v. Kabul International Airport et al | filed 05/15/23 | closed 05/23/23 |
| [2:23-cv-00912-SMB](#) | Scott v. Unknow Party et al | filed 05/23/23 | closed 06/01/23 |
| [2:23-cv-00964-DWL](#) | Scott v. Unknown Party | filed 05/30/23 | closed 06/30/23 |
| [2:23-cv-01025-DJH](#) | Scott v. Unknown Party | filed 06/06/23 | closed 06/21/23 |
| [2:23-cv-01094-DWL](#) | Scott v. Superior Court of Maricopa County et al | filed 06/14/23 | closed 06/30/23 |
| [2:23-cv-01268-DJH](#) | Scott v. Unknown Party et al | filed 07/10/23 | closed 07/31/23 |

| | | | |
|---|---|---|---|
| [2:23-cv-01622-MTL](#) | Scott v. Unknown Parties et al | filed 08/10/23 | closed 09/07/23 |
| [2:23-cv-01666-MTL](#) | Scott v. Air National Guard et al | filed 08/16/23 | closed 09/01/23 |
| [2:23-cv-02026-DGC](#) | Scott v. Harris | filed 09/26/23 | closed 10/10/23 |
| [2:23-cv-02326-GMS](#) | Scott v. Arizona Motor Vehicle Division | filed 11/06/23 | closed 12/13/23 |
| [2:23-cv-02338-DWL](#) | Scott v. Unknown Party | filed 11/08/23 | closed 11/20/23 |
| [2:24-cv-00236-DLR](#) | Scott v. United States Department of Agriculture | filed 02/02/24 | closed 03/20/24 |
| [2:24-cv-00298-DGC](#) | Scott v. Unknown Party | filed 02/12/24 | closed 02/28/24 |
| [2:24-cv-00352-SPL](#) | Scott v. United States Government | filed 02/20/24 | closed 03/13/24 |
| [2:24-cv-00747-DJH](#) | Scott v. Unknown Party | filed 04/03/24 | closed 04/12/24 |

| [2:24-cv-00913-MTL](#) | Scott v. Harris et al | filed 04/22/24 | closed 05/07/24 |
|---|---|---|---|
| [2:24-cv-00935-SMM](#) | Scott v. United States Veterans Administration | filed 04/23/24 | closed 05/03/24 |
| [2:24-cv-01043-DJH](#) | Scott v. United States Veterans Administration | filed 05/07/24 | closed 06/11/24 |
| [2:24-cv-01142-DLR](#) | Scott v. Harris et al | filed 05/16/24 | closed 05/28/24 |
| [2:24-cv-01144-SPL](#) | Scott v. United States Department of Veterans Affairs | filed 05/16/24 | closed 06/12/24 |
| [2:24-cv-01149-SPL](#) | Scott v. United States Department of Veterans Affairs | filed 05/17/24 | closed 06/12/24 |
| [2:24-cv-01496-DWL](#) | Scott v. Unknown Party | filed 06/20/24 | closed 07/10/24 |
| [2:24-cv-02011-SPL](#) | Scott v. Unknown Party | filed 08/09/24 | closed 09/04/24 |

## Cases Dismissed as Frivolous by the Court

| | | | |
|---|---|---|---|
| [2:10-cv-02022-MEA](#) | Scott v. NBA Suns et al | filed 09/22/10 | closed 10/12/10 |
| [2:10-cv-02425-FJM](#) | Scott et al v. State Bar of Arizona et al | filed 11/09/10 | closed 11/15/10 |
| [2:18-cv-01409-DLR](#) | Scott v. Thomas Nelson's Bibles | filed 05/07/18 | closed 05/15/18 |
| [2:18-cv-02093-JAS](#) | Scott v. United States Army Board of Corrections of Military Records | filed 07/02/18 | closed 10/15/18 |
| [2:19-cv-04800-ESW](#) | Scott v. Hertz | filed 07/22/19 | closed 10/23/19 |
| [2:20-cv-00966-JJT](#) | Scott v. United States Government | filed 05/18/20 | closed 05/26/20 |
| [2:20-cv-00967-MTM](#) | Scott v. Thomas Nelson's Bible Industry | filed 05/18/20 | closed 05/22/20 |
| [2:21-cv-02050-JJT--MTM](#) | Scott v. Maricopa County Superior Court | filed 12/03/21 | closed 12/20/21 |

| 2:22-cv-00614-SMM-MTM | Scott v. Unknown Parties et al | filed 04/13/22 | closed 08/30/22 |
| 2:22-cv-00697-MTL | Scott v. United States Government | filed 04/25/22 | closed 04/28/22 |
| 2:22-cv-00775-JJT--MTM | Scott v. Maricopa County Superior Court et al | filed 05/06/22 | closed 06/02/22 |
| 2:22-cv-00856-JJT | Scott v. Waste Management et al | filed 05/18/22 | closed 06/03/22 |
| 2:22-cv-00972-JJT--MTM | Scott v. Maricopa County Superior Court et al | filed 06/03/22 | closed 06/23/22 |
| 2:23-cv-01624-DWL | Scott v. Universal Music Group et al | filed 08/10/23 | closed 08/16/23 |
| 2:23-cv-01851-JJT | Scott v. Monroe, County of et al | filed 09/01/23 | closed 09/11/23 |
| 2:23-cv-02177-JAT | Scott v. Harris | filed 10/19/23 | closed 10/30/23 |
| 2:23-cv-02224-MTL | Scott v. Arizona Bar Association et al | filed 10/25/23 | closed 10/27/23 |

| 2:23-cv-02511-DJH | Scott v. TBN et al | filed 12/05/23 | closed 12/19/23 |
|---|---|---|---|
| 2:24-cv-00175-JJT | Scott v. Unknown Party | filed 01/25/24 | closed 02/14/24 |
| 2:24-cv-00766-GMS | Scott v. Monroe, County of | filed 04/05/24 | closed 04/11/24 |
| 2:24-cv-00862-DWL | Scott v. Unknown Party | filed 04/16/24 | closed 04/22/24 |
| 2:24-cv-01045-SPL | Scott v. Unknown Party | filed 05/07/24 | closed 05/10/24 |
| 2:24-cv-01220-SPL | Scott v. Unknown Parties | filed 05/22/24 | closed 06/14/24 |
| 2:24-cv-01221-SMM | Scott v. Unknown Party et al | filed 05/22/24 | closed 08/22/24 |
| 2:24-cv-01343-DWL | Scott v. Unknown Party | filed 06/05/24 | closed 06/21/24 |
| 2:24-cv-02000-MTL | Scott v. Unknown Party | filed 08/07/24 | closed 08/13/24 |

| | | | |
|---|---|---|---|
| 2:24-cv-02001-JAT | Scott v. United States Department of Veterans Affairs | filed 08/07/24 | closed 08/14/24 |
| 2:24-cv-02074-SMM | Scott v. United States Department of Veterans Affairs | filed 08/14/24 | closed 08/29/24 |

### Cases Dismissed after Leave to Amend Given and Plaintiff Failed to Amend

| | | | |
|---|---|---|---|
| 2:10-cv-02168-JAT | Scott v. Caraballo et al | filed 10/08/10 | closed 12/03/10 |
| 2:10-cv-02195-ROS | Scott v. Southwest Network et al | filed 10/15/10 | closed 01/27/11 |
| 2:10-cv-02242-SRB | Scott et al v. Caraballo et al | filed 10/20/10 | closed 12/08/10 |
| 2:10-cv-02425-FJM | Scott et al v. State Bar of Arizona et al | filed 11/09/10 | closed 11/15/10 |
| 2:15-cv-00329-JJT | Scott v. Albertsons Incorporated | filed 02/23/15 | closed 03/17/15 |
| 2:15-cv-01252-JJT | Scott v. Army Review Boards Agency | filed 07/06/15 | closed 08/31/15 |
| 2:15-cv-01424-JJT | Scott v. Phoenix, City of et al | filed 07/24/15 | closed 09/10/15 |

| [2:15-cv-01447-NVW](#) | Scott v. United States Probation Department et al | filed 07/27/15 | closed 09/10/15 |
|---|---|---|---|
| [2:15-cv-01516-JJT](#) | Scott v. Arizona Division of Child Support Services et al | filed 08/06/15 | closed 09/18/15 |
| [2:15-cv-02114-SPL](#) | Scott v. United States Department of Defense | filed 10/21/15 | closed 11/30/15 |
| [2:22-cv-00596-MTL](#) | Scott v. United States Veterans Administration et al | filed 04/11/22 | closed 05/20/22 |
| [2:22-cv-00607-DLR](#) | Scott, II v. Maricopa, County of et al | filed 04/12/22 | closed 05/04/22 |
| [2:22-cv-01103-SPL](#) | Scott v. Maricopa County | filed 06/28/22 | closed 08/17/22 |
| [2:22-cv-01079-DLR](#) | Scott v. United States of America | filed 06/23/22 | closed 08/05/22 |
| [2:22-cv-01103-SPL](#) | Scott v. Maricopa County | filed 06/28/22 | closed 08/17/22 |

## Cases Dismissed after Leave to Amend Given and Plaintiff Voluntarily Dismissed

| | | | |
|---|---|---|---|
| [2:22-cv-00597-DWL](#) | Scott v. Phoenix Municipal Court et al | filed 04/11/22 | closed 05/12/22 |
| [2:22-cv-00873-DJH](#) | Scott v. Washington et al | filed 05/20/22 | closed 06/21/22 |
| [2:24-cv-00471-SPL](#) | Scott v. Unknown Party | filed 03/06/24 | closed 03/15/24 |
| [2:23-cv-00182-JJT--MTM](#) | Scott v. Maricopa County Police Department | filed 01/25/23 | closed 04/04/23 |
| [2:23-cv-00723-SMB](#) | Scott v. United States Government | filed 04/27/23 | closed 05/17/23 |
| [2:22-cv-01022-DJH](#) | Scott v. Federal Aviation Admin | filed 06/13/22 | closed 06/28/22 |

## Cases Dismissed for Lack of Prosecution

| | | | |
|---|---|---|---|
| [2:03-cv-01028-LOA](#) | Scott v. DOD | filed 05/30/03 | closed 08/27/03 |
| [2:07-cv-00696-JWS](#) | Scott v. Army Review Boards Agency | filed 04/04/07 | closed 10/09/07 |

| | | | |
|---|---|---|---|
| 2:10-cv-01975-ECV | Scott v. Unknown Parties | filed 09/14/10 | closed 11/01/10 |
| 2:10-cv-01976-MHB | Scott v. Safeway Insurance Company et al | filed 09/14/10 | closed 11/01/10 |
| 2:21-cv-00871-SMM | Scott v. Unknown Parties | filed 05/17/21 | closed 09/21/21 |
| 2:22-cv-01185-SMM-JFM | Scott v. Unknown Parties et al | filed 07/13/22 | closed 08/31/22 |
| 2:23-cv-00019-SPL | Scott v. United States Department of Defense | filed 01/03/23 | closed 02/09/23 |
| 2:23-cv-00020-JAT | Scott v. Harris et al | filed 01/03/23 | closed 02/21/23 |
| 2:23-cv-00021-DJH | Scott v. Unknown Party | filed 01/03/23 | closed 02/28/23 |
| 2:23-cv-00184-SMB | Scott v. Unknown Party et al | filed 01/25/23 | closed 03/17/23 |

**Pending**

| | | |
|---|---|---|
| 2:24-cv-01872-SMB | Scott v. Unknown Party | filed 07/29/24 |

| [2:24-cv-01873-SMM](#) | Scott v. Unknown Party et al | filed 07/29/24 |
| --- | --- | --- |
| [2:24-cv-02012-GMS](#) | Scott v. Rome, City of et al | filed 08/09/24 |
| [2:24-cv-02073-SMB](#) | Scott v. State Farm et al | filed 08/14/24 |